# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LEWIS M. BELCHER,**
**Claimant Below, Petitioner**

**FILED**

June 26, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0385** (BOR Appeal No. 2053517)
                          (Claim No. 2018015778)

**ARCELORMITTAL USA,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lewis M. Belcher, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Arcelormittal USA, by Counsel T. Jonathan Cook, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on June 15, 2018. The Office of Judges affirmed the decision in its October 12, 2018, Order. The Order was affirmed by the Board of Review on March 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Belcher, a coal miner, alleges that he developed carpal tunnel syndrome in the course of and resulting from his employment. An April 8, 2009, treatment note by Kimberly Ballard, D.O., indicates Mr. Belcher was diagnosed with type II diabetes. In October of 2015, a Federal Diabetes Exemption Program evaluation checklist indicated that Mr. Belcher had peripheral neuropathy and a loss of vibratory sense.

A February 3, 2016, treatment note by Jillian Douglas, D.O., Mr. Belcher's endocrinologist, indicates that his blood sugars were significantly better, and it was her opinion that he could safely drive. In March of 2016, it was noted that Mr. Belcher's neuropathy had improved. On October 29, 2016, it was noted that Mr. Belcher was not taking insulin. Mr. Belcher

1

was released from the federal diabetes exemption program because he was no longer dependent on insulin. In October of 2017, Dr. Douglas found that Mr. Belcher still suffered from neuropathy. It was noted that the neuropathy was first discovered in May of 2015.

A May 8, 2017, treatment note by Megan Dincher, P.A., indicates Mr. Belcher was seen for low back and neck pain as well as numbness in both arms at night. He was diagnosed with lumbar degenerative disc disease, chronic cervical radiculopathy, type II diabetes, and high cholesterol. An EMG of the lower extremities was performed on December 27, 2017, and showed bilateral peroneal neuropathy at both ankles. An upper extremity EMG was performed on January 16, 2018, and showed median neuropathy in both wrists, consistent with moderate left and severe right carpal tunnel syndrome.

The Employee Injury Report completed on January 1, 2018, indicates Mr. Belcher was hired on November 11, 2016, and had developed carpal tunnel syndrome. The January 16, 2018, Employees' and Physicians' Report of Injury indicates Mr. Belcher worked with impact wrenches, hammers, sledgehammers, and drills. He listed his work duties as shoveling and greasing. The physician's section was completed by Michael Kominsky, D.C., who diagnosed bilateral work-related carpal tunnel syndrome. The claim was rejected on June 15, 2018.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on August 29, 2018, in which he noted that Mr. Belcher had experienced hand symptoms for four years. Dr. Mukkamala found that Mr. Belcher's symptoms were suggestive of carpal tunnel syndrome but opined that the EMG was unclear. Dr. Mukkamala further opined that even if Mr. Belcher does have carpal tunnel syndrome, it is not work-related. Dr. Mukkamala determined that Mr. Belcher's work duties were not sufficient to cause carpal tunnel syndrome and that he suffers from obesity and diabetes, both of which can cause carpal tunnel syndrome.

Mr. Belcher testified in a September 6, 2018, hearing before the Office of Judges that he worked for the employer for seventeen months. His job duties involved using small and large sledgehammers, grease guns, and impact wrenches. Mr. Belcher stated that he also did a lot of shoveling, repetitive heavy lifting, and a lot of crawling on hands and knees. He testified that he has diabetes but was no longer insulin dependent. Mr. Belcher admitted to having upper extremity symptoms prior to working for the employer.

The Office of Judges affirmed the claims administrator's rejection of the claim in its October 12, 2018, Order. It found that the evidence indicates Mr. Belcher had uncontrolled diabetes and was diagnosed with neuropathy prior to working for the employer. He began his employment on November 11, 2016. An endocrinologist evaluation checklist dated October 16, 2015, indicates a history of a loss of vibratory sensation. The Office of Judges also found that Mr. Belcher was diagnosed with neuropathy in January of 2016. On December 27, 2017, he was diagnosed with bilateral lower extremity neuropathy, which the Office of Judges stated indicates his diabetes is the cause of his neuropathy in all extremities. Lastly, Mr. Belcher admitted to having upper extremity symptoms prior to working for the employer. The Office of Judges therefore concluded that Mr. Belcher did not develop carpal tunnel syndrome as a result of his work duties.

2

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates that Mr. Belcher's upper extremity radicular symptoms began prior to his employment. The evidence also indicates that Mr. Belcher suffers from diabetes, a condition known to cause carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 26, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

# NOT PARTICIPATING:

Justice Margaret L. Workman